### 46406. HOWARD v. HOWARD.
(375 SE2d 852)

CLARKE, Presiding Justice.

Mr. Howard asserts in a divorce action that he is not the natural father of Jonathan Howard. In a motion for summary judgment on the issue of paternity, Mr. Howard presented the results of HLA blood tests that exclude him as a possible father. He also presented evidence concerning the chain of custody of the blood test materials

and evidence that the tests were properly conducted. In opposition to the motion, Mrs. Howard presented only her own affidavit. The trial court denied the motion for summary judgment. We affirm.

Mr. Howard contends that under OCGA § 19-7-49 (c) a jury would be required to decide that he is not Jonathan's natural father because the HLA tests results exclude him as the father and because there is no evidence that the tests were improperly conducted. He argues that he is therefore entitled to summary judgment on the issue of paternity.

We disagree. When test results are presented that exclude the possibility that the alleged father is the natural father, the statute requires that the jury be instructed to decide that the alleged father is not the natural father "if they believe that the witness presenting the results testified truthfully as to those results and if they believe that the tests and comparisons were conducted properly." OCGA § 19-7-49 (c). The statute plainly requires the jury to determine whether the expert presenting the test results is credible. Making such a credibility determination is the quintessential task of a jury.

Thus, until the jury makes the decision that the tests were properly conducted and the expert presenting the results testified truthfully, test results are not entitled to any greater deference than any other evidence of paternity. The trial court was correct in denying the motion for summary judgment.

*Judgment affirmed. All the Justices concur.*

DECIDED FEBRUARY 8, 1989.

*Westmoreland, Patterson & Moseley, Raymond E. Kelley,* for appellant.

*Austin J. Kemp II, Pamela M. Spencer, Kelly R. Burke,* for appellee.